# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| |  |
|---|---|
| LEONARD A. LAWSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFFERY GREGG, et al., <br><br> Defendants. | |
| | Case No. 3:11-cv-00151-SLG |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court at Docket 72 is Plaintiff's Motion for Summary Judgment. Defendants opposed at Docket 77, and Plaintiff replied at Docket 81. Shortly afterwards, Defendants filed a Motion to Dismiss Based on Qualified Immunity at Docket 87. Plaintiff opposed at Docket 89, and Defendants replied at Docket 92. Oral argument was not requested by either party and was not necessary to the Court's determination of these motions. For the reasons discussed below, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendants' Motion to Dismiss Based on Qualified Immunity.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants applied for and received an anticipatory warrant to retrieve a package

that was packed with cocaine and addressed to an address on Stella Place.[1] The package was fitted with a beeper that would emit a different tone when the box was opened.[2] The anticipatory warrant listed as triggering conditions for its execution that the package be

> delivered and received by a person at [the Stella Place home], or left at the front door, and a person takes the box inside, or a person takes the box to another location and one of the following has occurred: a change of tone indicating the box has been opened, the electronic device fails to transmit or at least two hours has elapsed with no change indicting the box remains unopened inside the residence.[3]

As Defendants were delivering the package to the Stella Place home the beeper malfunctioned and submitted the tone indicating that the box had been opened.[4] The package was picked from the Stella Place home by Mr. Lawson's co-defendant and delivered to his residence.[5] Defendants entered the home and performed a sweep to retrieve the package.[6]

On November 16, 2010, Mr. Lawson was indicted for drug conspiracy, possession of a firearm in furtherance of drug trafficking, attempted possession of cocaine with intent to distribute, and being a felon in possession of a firearm and ammunition.[7] Mr. Lawson

---

[1] Docket 87-1 (Gregg Decl.) at 2. Plaintiff does not appear to dispute these background facts. *See* Docket 34 (SAC); Docket 89 (Lawson Opp'n).

[2] Docket 87-1 (Gregg Decl.) at 3.

[3] Docket 89-1 (Warrant) at 3.

[4] Docket 87-1 (Gregg Decl.) at 3–4.

[5] Docket 87-1 (Gregg Decl.) at 4–6; *see also* Docket 34-2 (Attachment 2 to SAC).

[6] Docket 87-1 (Gregg Decl.) at 6; *see also* Docket 34-2 (Attachment 2 to SAC).

[7] Docket 2, *United States v. Lawson*, Case No. 3:10-cr-00116-TMB (Indictment).

moved to suppress evidence secured during the search of his residence.[8] The Magistrate Judge issued a Recommendation Regarding Motions to Suppress, which recommended denying Mr. Lawson's motion to suppress because the search complied with the anticipatory warrant or, alternatively, because exigent circumstances justified a warrantless entry.[9] The District Court Judge issued an order adopting the Magistrate Judge's recommendation in April 2011.[10]

In July 2011, Mr. Lawson, representing himself, initiated this action by filing a Civil Rights Complaint in which he alleged "police, governmental, prosecutorial, and judicial misconduct of falsified statements, writings and documents; and illegal entry, search & seizure, arrest and incarceration; also improper investigation of alleged crime against this plaintiff, in reference to [the criminal case]."[11] Shortly thereafter, the Court issued an order staying Mr. Lawson's civil case until the conclusion of the criminal case.[12]

In September 2011, Mr. Lawson's criminal case was tried before a jury. The jury found Mr. Lawson not guilty on the first three counts of the indictment but guilty of being a felon in possession of a firearm and ammunition.[13] Mr. Lawson appealed.[14] On November 30, 2012, the Ninth Circuit issued a memorandum disposition vacating his

---

[8] Docket 32, *United States v. Lawson* (Mot. to Suppress).

[9] Docket 103, *United States v. Lawson* (Final Recommendation re Mots. to Suppress).

[10] Docket 110, *United States v. Lawson* (Order Adopting Recommendation).

[11] Docket 1 (Compl.) at 1.

[12] Docket 3 (Order Staying Case).

[13] Dockets 166, 170, *United States v. Lawson* (Jury Verdicts).

[14] Docket 202, *United States v. Lawson* (Notice of Appeal).

conviction and holding the firearm used to convict Mr. Lawson "was seized during an unlawful search and should have been suppressed."[15] The Circuit Court held that (1) the triggering conditions in the anticipatory search warrant had not been fulfilled and (2) Defendants had failed to demonstrate that there were exigent circumstances because they did not show it would have been time consuming to get a second search warrant. The Appeals Court did not consider Mr. Lawson's warrantless arrest.[16]

On February 27, 2013, the Court issued an order lifting the stay of this case and permitting Mr. Lawson to file an amended complaint.[17] Mr. Lawson filed an Amended Complaint on April 29, 2013.[18] On June 19, 2013, the Court issued an order dismissing certain claims and defendants named in the Amended Complaint. That order stated that only one claim had been adequately pled in the Amended Complaint: "the claim asserting constitutional violations of Mr. Lawson's right to be free from an illegal home entry and an illegal search and seizure."[19] The order explained that Mr. Lawson could pursue that

---

[15] *United States v. Lawson*, 499 F. App'x 711, 712 (9th Cir. 2012).

[16] *See Lawson*, 499 F. App'x at 712 (absence).

[17] Docket 24 (Order Lifting Stay & Permitting Am. Compl.).

[18] Docket 27 (Am. Compl.).

[19] Docket 31 (Order re Am. Compl.) at 21. The Order held that the Amended Complaint failed to state a claim for unlawful arrest, but it granted Mr. Lawson leave to amend with respect to this claim. Docket 31 at 10, 24.

claim on the basis of the Amended Complaint "against the appropriate, individually participating officers," or he could file a Second Amended Complaint.[20]

Mr. Lawson filed a Second Amended Complaint ("SAC") on September 3, 2013.[21] The SAC contains two causes of action: (1) violation of Mr. Lawson's Fourth Amendment right "to not be subjected to unreasonable search and seizure," and (2) violation of Mr. Lawson's Fourteenth Amendment due process rights. The SAC names Anchorage police officers Jeffery Gregg and Monique Doll, as well as DEA agents Michael Dahlstrom, Nathaniel Clementson, and Richard F. Youngblood, as Defendants.

The SAC alleges that on July 14, 2010, at approximately 3:45 p.m., Mr. Lawson was unlawfully arrested while standing on his back porch. The SAC alleges that law enforcement then conducted a "warrantless" search of Mr. Lawson's home and seized property within the home, including the shotgun that was used as evidence in Mr. Lawson's criminal case.[22] The SAC alleges that prior to Mr. Lawson's arrest, he "was not a person of interest of **any investigation**," and law enforcement "did not even know [his] name."[23] The SAC asserts that Mr. Lawson's arrest and the subsequent search of his home and seizure of evidence were unlawful. The SAC also asserts that Mr. Lawson's indictment was "a direct result of the unlawful arrest, search and seizure" and therefore violative of his due process rights. The SAC requests $100,000 in compensatory damages, $1,000,000 in punitive damages, "[a]n order requiring defendant(s) to possess

---

[20] Docket 31 (Order re Am. Compl.) at 21.

[21] Docket 34 (SAC).

[22] Docket 34-2 (Attachment 2 to SAC); Docket 34-3 (Attachment 3 to SAC).

[23] Docket 34-2 (Attachment 2 to SAC) (emphasis in original).

a valid warrant to search and or seize people or property 'before' they enter a home or arrest a non-suspect," and "[a] declaration that it won't happen again[.]"[24]

Defendants filed a motion to dismiss on February 27, 2014, relying on qualified immunity. The Court denied that motion by order dated August 25, 2014.[25] The order stated that the allegations in the SAC, when taken as true, alleged a violation of clearly established Fourth Amendment rights.

Mr. Lawson filed the current Motion for Summary Judgment on June 1, 2015. He asserts that the Ninth Circuit's memorandum decision in the criminal case demonstrates that he had clearly established Fourth Amendment and Fourteenth Amendment rights, which Defendants violated. Mr. Lawson maintains that there were no exigent circumstances to allow a warrantless arrest, and he assets that Defendants' application for a second warrant is evidence that they knew the first warrant was invalid.[26] Defendants opposed on June 29, 2015,[27] and Mr. Lawson replied on July 13, 2015.[28]

Defendants filed a Motion to Dismiss Based on Qualified Immunity on August 10, 2015.[29] Defendants have attached supporting documentation to their motion to dismiss, so the Court will treat it as a motion for summary judgment.[30] Defendants

---

[24] Docket 34 (SAC) at 8.

[25] Docket 65 (Order re Mot. to Dis.).

[26] Docket 73 (Lawson SJ Mot.).

[27] Docket 77 (Defendants Opp'n).

[28] Docket 81 (Lawson Reply).

[29] Docket 87 (Defendants Mot. to Dis.).

[30] Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Moreover, in the body of the motion Defendants state that they are

assert that a reasonable officer would not have known he was violating clearly established law by reading the triggering conditions broadly. And they assert that they were reasonable in relying on exigent circumstances after the beeper malfunctioned and Mr. Lawson's co-defendant informed them that there were people in the home. Plaintiff opposed on August 24, 2015,[31] and Defendants replied on September 8, 2015.[32]

## DISCUSSION

**I.    Jurisdiction.**

The Court has jurisdiction over Mr. Lawson's 42 U.S.C. § 1983 claim pursuant to its 28 U.S.C. § 1331 federal question jurisdiction.

**II.    Summary Judgment Standard.**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party and draw "all justifiable inferences" in the non-moving party's favor.[33] The burden of showing the absence of a genuine dispute of material fact initially lies with the

---

moving for summary judgment. Docket 87 at 1. None of the supporting documentation specifically discusses Mr. Lawson's Fourteenth Amendment rights, so the Court will view Defendants' motion in that regard as a motion to dismiss.

[31] Docket 89 (Lawson Opp'n).

[32] Docket 92 (Defendants Reply).

[33] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

moving party.[34] If the moving party meets this burden, the non-moving party must present specific evidence demonstrating the existence of a genuine issue of fact.[35] The non-moving party may not rely on mere allegations or denials. To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non[-]moving party."[36] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment to the moving party is appropriate.[37]

**III.     Qualified Immunity.**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[38] The purpose of qualified immunity is to "balance[] two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[39]

Government officials are not entitled to qualified immunity if (1) the facts taken in the light most favorable to plaintiff show the officials' conduct violated a constitutional

---

[34] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

[35] *Anderson*, 477 U.S. at 250; *Oracle*, 627 F.3d at 387.

[36] *Anderson*, 477 U.S. at 248.

[37] *Anderson*, 477 U.S. at 249–50 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 84–85 (1967); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

[38] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[39] *Pearson*, 555 U.S. at 231.

right, and (2) that right was clearly established at the time of the alleged violation.[40] A plaintiff must establish both prongs of the analysis, so that if a court determines that one prong is not met, then qualified immunity applies. The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation."[41] And the Ninth Circuit has held that summary judgment is appropriate when "the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts."[42]

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"[43] The Ninth Circuit has held that "[e]ven absent probable cause, qualified immunity is available if a reasonable police officer *could have* believed that his or her conduct was lawful, in light of the clearly established law and the information the searching officers possessed."[44] "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law."[45]

---

[40] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[41] *Pearson*, 555 U.S. at 232 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).

[42] *Conner v. Heiman*, 672 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Peng v. Mei Chin Penghu*, 335 F.3d 970, 979-80 (9th Cir. 2003), *cert. denied* 540 U.S. 1218 (2004)).

[43] *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

[44] *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003) (emphasis added) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1443 (9th Cir. 1991)).

[45] *Messerschmidt v. Millender*, --- U.S. ---, 132 S. Ct. 1235, 1244 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2085 (2011)) (internal quotation marks omitted).

These principles were applied in *Pearson v. Callahan*.[46] In that case, Callahan was convicted of unlawful possession and distribution of methamphetamine after a search of his home. On appeal the search was held unconstitutional and Callahan's conviction was overturned.[47] Callahan then brought a § 1983 action against the police officers who had performed the search. But the United States Supreme Court held that even though Callahan's constitutional rights had been violated, the officers were entitled to qualified immunity because "it was not clearly established at the time of the search that their conduct was unconstitutional."[48] The Court ruled that the inquiry "turn[ed] on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'"[49] The Court held that although the "consent-once-removed" doctrine the officers relied on had not been adopted in their circuit, it had "gained acceptance in the lower courts" and the officers were entitled to rely on it.[50] Therefore, it could not have been clearly established that by relying on the "consent-once-removed" doctrine the officers were violating Callahan's rights.

**IV.  Analysis.**

The Ninth Circuit has held that that Defendants' search of Mr. Lawson's residence violated his constitutional rights. Accordingly, with regard to the search, this Court is only required to determine whether Mr. Lawson has presented sufficient facts to demonstrate

---

[46] 555 U.S. 223 (2009).

[47] *Pearson*, 555 U.S. at 228.

[48] *Pearson*, 555 U.S. at 227.

[49] *Pearson*, 555 U.S. at 244 (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

[50] *Pearson*, 555 U.S. at 244.

a triable issue regarding whether Mr. Lawson's right to be free of an unreasonable search based on the facts then present was clearly established at the time of the violation.

The Ninth Circuit did not consider the constitutionality of Mr. Lawson's warrantless arrest.[51] Thus, qualified immunity for the arrest is appropriate if Defendants prove either that the arrest was constitutional or that a reasonable officer would not have known he was violating Mr. Lawson's constitutional rights in making the arrest.

### A. Mr. Lawson's Motion for Summary Judgment.

Mr. Lawson leans heavily on the Ninth Circuit's memorandum decision holding that the search was performed unlawfully. He asserts that "the [Fourth] [A]mendment of the Constitution had been clearly established." Mr. Lawson also asserts that there has been a clear violation of his Fourteenth Amendment due process rights.[52]

Although Mr. Lawson is correct that Defendants violated his Fourth Amendment rights, that is only one part of the question that the Court must answer. Government officials may be shielded by qualified immunity so long as their mistaken actions were reasonable, as explained above. As in *Pearson*, a court of appeals may find a constitutional violation but the officers may still be entitled to qualified immunity so long as they satisfy the second prong of the test.

Mr. Lawson's motion argues that the Fourth Amendment and the Fourteenth Amendment were "clearly established" at the time of the search and seizure, but he reads

---

[51] *See Lawson*, 499 F. App'x at 712.

[52] *See* Docket 73 (Lawson SJ Mot.) at 2. Mr. Lawson also makes a double jeopardy argument under the Fifth Amendment pertaining to Defendants' interrogatories. Docket 73 (Lawson SJ Mot.) at 6–7. But the Fifth Amendment's protection against double jeopardy is inapplicable in this civil case. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 899 (2009) ("[T]he Double Jeopardy Clause only applies to criminal penalties, not civil ones.").

the test too broadly. The United States Supreme Court has held that a court should "not . . . define clearly established law at a high level of generality."[53] "Qualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."[54] Thus, Mr. Lawson's arguments based on the Ninth Circuit's decision do not end the Court's analysis.[55] Mr. Lawson has not demonstrated that he is entitled to judgment as a matter of law on his claims.

## B. Defendants' Motion to Dismiss Based on Qualified Immunity.

Defendants assert that they are entitled to qualified immunity because they reasonably could have believed they were acting lawfully. They assert that the Fourth Amendment does not require triggering conditions to be listed on the warrant's face, so presumably it was not clearly established that they needed to precisely follow the wording of any such conditions. And they contend that based on the warrant's language, they could have reasonably believed that the triggering conditions were satisfied by either delivery of the package to the Stella Place home or by the beeper malfunction. Alternatively, Defendants argue that they were acting in accordance with established

---

[53] *City & Cnty. of San Francisco, Calif. v. Sheehan*, -- U.S. --, 135 S. Ct. 1765, 1776 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)) (internal quotation mark omitted).

[54] *City & Cnty. of San Francisco, Calif.*, 135 S. Ct. at 1776.

[55] Mr. Lawson also appears to assert that Defendants were unreasonable because (1) they asserted both the warrant and exigent circumstances to support the constitutionality of the search, and (2) they received a second warrant later. Docket 89 (Lawson Opp'n) at 2; Docket 73 (Lawson SJ Mot.) at 5. But for many searches where it could be reasonable to enter under a warrant there may also be exigent circumstances. Asserting exigent circumstances as a ground for immunity does not show that Defendants knew the warrant was invalid. And, so far as Mr. Lawson is arguing that the necessity for a second warrant to search the home makes reliance on the warrant to retrieve the package unreasonable, this argument is unavailing. The two warrants were not connected—even were the retrieval warrant valid, Defendants would have needed to procure a warrant to search the house.

3:13-cv-00151-SLG, *Lawson v. Gregg, et al.*
Order re Mot. Dismiss & Mot. Summary Judgment
Page 12 of 18

exigent circumstances case law because the evidence could have been easily disposed of. Finally, they argue the warrantless arrest did not violate Mr. Lawson's constitutional rights under the first prong of the immunity test because the officers had probable cause to make a warrantless arrest.[56]

Both parties cite to *United States v. Grubbs*.[57] In *Grubbs*, the Supreme Court considered whether anticipatory warrants were categorically unconstitutional and whether the triggering conditions for an anticipatory warrant needed to be included on the face of the warrant. The Court answered both questions in the negative. It held that a triggering condition listed in the warrant affidavit—that the parcel be received by a person and taken inside—did not need to be duplicated on the face of the warrant. It reached this conclusion after holding that the particularity requirement for warrants set forth in the Fourth Amendment did not apply to triggering conditions.[58]

The Court disagrees with Defendants that *Grubbs* is conclusive. For here the issue is not in the placement of the triggering conditions, it is in their fulfilment. If the triggering conditions had been omitted from the warrant but were precisely followed pursuant to the specifications in the affidavit, Defendants' conduct would be in accordance with clearly established law under *Grubbs*. But here, Defendants did not precisely follow the triggering conditions listed on the face of the warrant. The Court does not read *Grubbs*

---

[56] Docket 87 (Defendants Mot. to Dis.).

[57] 547 U.S. 90 (2006). *See* Docket 87 (Defendants' Mot. to Dis.) at 20–21; Docket 89 (Lawson Opp'n) at 6.

[58] *Grubbs*, 547 U.S. at 97–99.

as holding that triggering conditions need not be followed; rather, the Court reads it as holding that these conditions do not need to be included on the face of the warrant.

More on point is *United States v. Vesikuru*.[59]  There, the Ninth Circuit interpreted a triggering condition listed on the face of the warrant that officers "observe" the package being delivered inside.  The defendant asserted that the officers needed to actually view the package being taken inside, but the Circuit Court held that it was sufficient that the officers deduced the package had been taken inside, even if they did not actually observe that.  It directed trial courts to read triggering conditions in a "common sense fashion."[60]

The warrant at issue here states as a triggering condition that the box be "tak[en] to another location and . . . the electronic device fails to transmit."[61]  The language "fails to transmit" could reasonably encompass a situation where the beeper stops transmitting a signal once inside the home.  In such a case the officers would be unable to tell when the package was opened.  Thus, the purpose of the condition appears to address a situation where the beeper is no longer able to alert the officers when the package is opened.

The Court concludes that because established law directs officers to read triggering conditions in a common sense manner, Defendants were reasonable in reading the triggering condition to cover the situation here: the beeper malfunction indicating that the package had been opened.  The beeper malfunctioned in such a way that it would not be able to transmit when the package was actually opened.  As Defendants

---

[59] 314 F.3d 1116 (9th Cir. 2002).

[60] 314 F.3d at 1123.

[61] Docket 89-1 (Warrant) at 3.

persuasively argue, in both this scenario and if the beeper stopped transmitting entirely (as likely envisioned in the warrant), the beeper malfunctions in the same way—it can no longer alert Defendants to the opening of the package. A common sense reading of the condition could be that it covered other types of beeper malfunctions as well, so long as the end result was leaving Defendants unable to monitor the package. Defendants would not reasonably have known they were violating Mr. Lawson's clearly established constitutional rights by entering the home based on a more relaxed reading of the condition.

Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law,"[62] and Defendants' actions were neither incompetent nor a knowing violation of the law. Rather, these actions were reasonable in light of existing law and the specific circumstances confronting the officers. Accordingly, even though Defendants violated Mr. Lawson's constitutional rights, Defendants are entitled to qualified immunity for their actions in entering the home because reasonable officials would not have realized they were violating the law.

This decision is bolstered by the fact that reasonable jurists did, in fact, disagree regarding whether Defendants violated Mr. Lawson's rights with their actions. In *Ashcroft v. al-Kidd*, the Supreme Court noted as persuasive that eight Court of Appeals judges from the Ninth Circuit had agreed with Ashcroft's eventually unconstitutional interpretation of the law.[63] This case presents a similar situation in which both the Magistrate Judge

---

[62] *Messerschmidt v. Millender*, --- U.S. ---, 132 S. Ct. 1235, 1244 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2085 (2011)) (internal quotation marks omitted).

[63] *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2085 (2011).

and the District Court Judge held that Defendants' actions did not violate Mr. Lawson's Fourth Amendment rights, but the Ninth Circuit later reversed.[64] If two reasonable jurists ruled that Defendants' conduct did not violate Mr. Lawson's Fourth Amendment rights, it is hard to say that Defendants' actions were so clearly contrary to established law that they should have "underst[ood] that what [they were] doing violate[d]" Mr. Lawson's constitutional rights.[65]

Defendants are also entitled to qualified immunity for Mr. Lawson's warrantless arrest. Plaintiff was detained in handcuffs on the porch but was read his *Miranda* rights and questioned once he was moved to the garage.[66] Established Fourth Amendment jurisprudence allows officers to make a warrantless arrest if the officer has probable cause.[67] Probable cause is knowledge or reasonably trustworthy information that is sufficient to lead a reasonable person to believe that an offense has been committed by the person being arrested.[68] Here Defendants had probable cause to make a warrantless arrest under the circumstances: Mr. Lawson was found at the home where the narcotics were delivered, Defendants knew of Mr. Lawson's prior convictions for drug trafficking,

---

[64] Although the Court declined to take judicial notice of the Magistrate Judge's factual findings while considering Defendants' first Motion to Dismiss for Qualified Immunity, *see* Docket 65 (Order re Mot. to Dis.) at 8–9, the Court will now consider the Magistrate Judge's and District Court Judge's *legal conclusions* because they help to show that Defendants would not have known they were violating Mr. Lawson's rights. *See Ashcroft*, 131 S. Ct. at 2085 (considering as additional support).

[65] *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

[66] Docket 34-2 (Attachment 2 to SAC); Docket 87-3 (Doll Decl.) at 3; Docket 87-4 (Clementson Decl.) at 3.

[67] *Michigan v. Summers*, 452 U.S. 692, 700 (1981).

[68] *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

and Defendants had viewed a firearm and plastic baggies in the home.[69] The Court holds that the facts—when viewed in the light favorable to Mr. Lawson—show that Mr. Lawson's constitutional rights were not violated at the time of his arrest.[70] The Court grants Defendants' Motion to Dismiss based on Qualified Immunity with regard to the warrantless arrest.

Finally, the Court also grants Defendants' Motion to Dismiss[71] with respect to Mr. Lawson's Fourteenth Amendment Claims. When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, "[a]ll factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to [p]laintiff[].'"[72] "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."[73] Accordingly, the Court grants

---

[69] 87-4 (Clementson Decl.) at 3; 87-5 (Dahnstrom Decl.) at 2; Docket 34-2 (Attachment 2 to SAC); Docket 74, *Lawson v. Unites States*, at 113; Docket 75, *Lawson v. United States*, at 9; Docket 87, *Lawson v. United States* (Report & Rec.) at 11–12. Lawson does not present any evidence to counter the evidence Defendants have provided and asserted.

[70] Courts may address either prong of the test first. *Pearson*, 555 U.S. at 236.

[71] Because Defendants did not attach any extra documentation regarding the Fourteenth Amendment claims to their Motion to Dismiss, the Court will treat that as a motion to dismiss and not as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

[72] *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (second alteration in original) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

[73] *Graham v. Connor*, 490 US 386, 393–95 (1989) (holding that the first step in § 1983 analysis should be "identifying the specific constitutional right alleged infringed," which will usually be the Fourth Amendment or the Eighth Amendment).

Defendants' Motion to Dismiss with respect to Mr. Lawson's Fourteenth Amendment claim.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED as follows:

1. Mr. Lawson's Motion for Summary Judgment at Docket 72 is DENIED.

2. Defendants' Motion to Dismiss at Docket 87 is GRANTED.

3. Any outstanding deadlines are vacated and any other outstanding motions are denied as moot.

4. The Clerk of Court is instructed to enter a judgment accordingly.

DATED this 20th day of October, 2015.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE